**IN THE COURT OF APPEALS OF IOWA**

No. 19-1122
Filed April 15, 2020

IN RE THE MARRIAGE OF AMY RACHELLE GARMOE
AND WILLARD PRESTON GARMOE, III

Upon the Petition of
**AMY RACHELLE GARMOE,**
        Petitioner-Appellee,

**And Concerning**
**WILLARD PRESTON GARMOE, III,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Lee (North) County, John M. Wright,

Judge.


        Preston Garmoe appeals the terms of his dissolution decree. **AFFIRMED.**


        Curtis Dial of Law Office of Curtis Dial, Keokuk, for appellant.

        Lori L. Klockau and David M. Cox of Bray & Klockau, P.L.C., Iowa City, for

appellee.


        Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Preston and Amy Garmoe were married in 2005. They have three children together. In 2017, Amy petitioned for dissolution.

Both Preston and Amy sought physical care of the children. Amy also requested spousal support. The district court awarded physical care to Amy and liberal visitation to Preston. The court delegated transportation to and from visitation to Preston. The court also awarded Amy rehabilitative spousal support for three years and ordered Preston to pay a portion of Amy's attorney fees.

Preston appeals and asks this court to (1) award him physical care of the children, (2) require the parties to equally share the transportation responsibilities for visitations, (3) reduce or eliminate the spousal support award, and (4) determine the district court abused its discretion in awarding Amy attorney fees. We address each point in turn.

We review dissolution proceedings de novo. *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013). Even so, we afford deference to the district court. *See In re Marriage of Hansen*, 733 N.W.2d 683, 690 (Iowa 2007) ("We give weight to the findings of the district court, especially to the extent credibility determinations are involved."). We do so because "the district court is best positioned to evaluate the needs of the parties." *In re Marriage of Dirkx*, No. 18-0422, 2019 WL 3330625, at *2 (Iowa Ct. App. July 24, 2019). While we review only a cold record, the district court has the benefit of observing the parties in person. *See In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984). So we will affirm unless the district court failed to do equity.

We begin by reviewing the district court's physical care determination. "'Physical care' means the right and responsibility to maintain a home for the minor child and provide for the routine care of the child." Iowa Code § 598.1(7) (2017). In determining which parent should have physical care, the court focuses on the "goals of stability and continuity with an eye toward providing the children with the best environment possible for their continued development and growth." *Hansen*, 733 N.W.2d at 700. The parent awarded physical care must also "support the other parent's relationship with the child[ren]." *Id.* "There is no preference for mothers over fathers, or vice versa." *Id.*

On our de novo review of the record, we find no inequity in the district court's assignment of physical care. Amy has served as the children's primary caretaker and is more in tune with the children's everyday needs, including educational and medical needs. Moreover, Preston has sometimes expressed anger or frustration in a violent or aggressive manner. And he has disclosed to the children inappropriate details about the couple's personal issues. Like the district court, we believe the children are best served in Amy's physical care.

Preston asks us to vacate the portion of the dissolution decree requiring him to transport the children to and from visitation. Because we do not find the requirement inequitable, we do not disturb it.

Next, we address the spousal support award. The district court awarded Amy $700 per month for thirty-six months so that she may return to school. The court also recognized this support would allow Amy "to pay most of the debt

assigned to her." Preston asks this court to eliminate or reduce the spousal support award.[1]

When fashioning a spousal support award, we consider the factors enumerated in section 598.21A(1):

> a. The length of the marriage.
> b. The age and physical and emotional health of the parties.
> c. The distribution of property made pursuant to section 598.21.
> d. The educational level of each party at the time of marriage and at the time the action is commenced.
> e. The earning capacity of the party seeking maintenance, including educational background, training, employment skills, work experience, length of absence from the job market, responsibilities for children under either an award of custody or physical care, and the time and expense necessary to acquire sufficient education or training to enable the party to find appropriate employment.
> f. The feasibility of the party seeking maintenance becoming self-supporting at a standard of living reasonably comparable to that enjoyed during the marriage, and the length of time necessary to achieve this goal.
> g. The tax consequences to each party.
> h. Any mutual agreement made by the parties concerning financial or service contributions by one party with the expectation of future reciprocation or compensation by the other party.
> i. The provisions of an antenuptial agreement.
> j. Other factors the court may determine to be relevant in an individual case.

Cases applying these factors have identified "four categories of spousal support: traditional, rehabilitative, reimbursement, or transitional." *See, e.g.*, *In re Marriage of Jenn*, No. 18-1458, 2019 WL 5424938, at *2 (Iowa Ct. App. Oct. 23, 2019). Here, the district court classified the support award as rehabilitative support.

---

[1] Although the record contains evidence of domestic abuse, "Iowa courts are not permitted to consider domestic abuse when deciding spousal support." *In re Marriage of Mann*, No. 18-1910, 2019 WL 5792673, at *8 (Iowa Ct. App. Nov. 6, 2019) (May, J., dissenting in part). We believe the district court excluded this evidence from its consideration of spousal support, as have we.

> Rehabilitative spousal support is "a way of supporting an economically dependent spouse through a limited period of re-education or retraining following divorce, thereby creating incentive and opportunity for that spouse to become self-supporting." The goal of rehabilitative spousal support is self-sufficiency and for that reason "such an award may be limited or extended depending on the realistic needs of the economically dependent spouse."

*In re Marriage of Becker*, 756 N.W.2d 822, 826 (Iowa 2008) (citations omitted).

We do not find the district court's award of rehabilitative support inequitable. Amy expressed interest in attending nursing school in the future. As the district court noted, this sort of education would greatly improve her earning capacity and, ultimately, help her obtain a standard of living comparable to what she enjoyed during the marriage. Moreover, Amy is in her early thirties and could have several years, if not decades, to put additional education to good use.

But Preston laments he is strapped for cash due to his mortgage, homeowner's association fees, child-support, and various costs associated with these proceedings. He contends he simply does not have the ability to pay spousal support. We think it more accurate to describe Preston as house poor. He elects to continue to live in the marital home, which he once shared with four other people, at significant expense. He is free to do so, of course. But he cannot avoid a spousal support obligation by choosing to retain more housing than needed. We decline to disturb the district court's award.

Finally, we address attorney fees. Preston challenges the district court's determination that he should pay a portion of Amy's attorney fees. We review an attorney-fee award for an abuse of discretion. *In re Marriage of Francis*, 442 N.W.2d 59, 67 (Iowa 1989). "Awards of attorney fees must be for fair and reasonable amounts . . . and based on the parties' ability to pay." *In re Marriage*

*of Miller*, 552 N.W.2d 460, 465 (Iowa Ct. App. 1996). Preston's income is far greater than Amy's. Moreover, the district court required Preston to pay less than half of the fees that had been billed to Amy. We find no abuse of discretion.

Amy seeks appellate attorney fees. Appellate attorney fees are awarded upon our discretion and are not a matter of right. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). When considering whether to exercise our discretion, "we consider 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *McDermott*, 827 N.W.2d at 687 (quoting *Okland*, 699 N.W.2d at 270). Upon consideration of these factors, we decline to award Amy appellate attorney fees. Costs of this appeal are divided equally between the parties. *See In re Marriage of Mack*, No. 17-1568, 2018 WL 4360947, at *10 (Iowa Ct. App. Sept. 12, 2018).

**AFFIRMED.**